D /F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ORAL DAWKINS,

              Petitioner,

      - against -

THE PEOPLE OF THE STATE OF NEW
YORK,

              Respondent.

------------------------------------------------------------X

**MEMORANDUM & ORDER**

08-CV-2441 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On June 10, 2008, pro se petitioner Oral Dawkins ("Petitioner") filed the instant petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 conviction in

Kings County, New York. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the

court has conducted an initial consideration of this petition. For the reasons set forth below, the

instant petition appears to be time-barred by the one-year statute of limitations provided for by 28

U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA" or "Act").[1] Therefore, Petitioner is directed to submit an affirmation, within sixty

(60) days of the entry of this Order, explaining why the petition should not be dismissed as time-

barred.

---

[1] Petitioner did not prepay the statutory filing fee, nor did he file a motion to proceed in forma
pauperis ("IFP"). Some courts will not hear a petition for habeas corpus that does not include
either the statutory fee or a motion to proceed IFP. Under this court's Administrative Order
2001-06, however, pro se petitions for writs of habeas corpus may be filed without prepayment
of fees or a motion to proceed IFP, and therefore, Petitioner's failure to do so is not fatal to his
case.

# I.  DISCUSSION

AEDPA, signed into law on April 24, 1996, provides in relevant part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act").

## A.  Background

Petitioner's instant petition for habeas corpus relief pursuant to § 2254 may be time-barred under the AEDPA.  On December 9, 2002, the Supreme Court of New York, Kings County, rendered a judgment convicting Petitioner of several counts of robbery, burglary,

unlawful imprisonment, and endangering the welfare of a child. People v. Dawkins, 27 A.D.3d 576, 813 N.Y.S.2d 102 (2d Dept. 2006). The Appellate Division, Second Department, affirmed the conviction on March 14, 2006. Id. On June 28, 2006, the New York State Court of Appeals denied Petitioner leave to appeal. See People v. Dawkins, 7 N.Y.3d 754 (2006); (Petition (Docket Entry # 1) ¶ 3(g)(4).) A petitioner's judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Thus, Petitioner's conviction became final on or about September 26, 2006.

### B.    Statutory Tolling

When calculating a one-year limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). Filing a post-conviction application, however, does not restart the one-year statute of limitations period. Instead, § 2244(d)(2) merely subtracts from the one-year statute of limitations calculation any time elapsed while a post-conviction motion is pending. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam) (holding that one-year statute of limitations period ended one day after state court denied writ of coram nobis because petitioner waited 364 days after conviction became final before filing motion in state court). A motion for a writ of coram nobis filed in the State of New York ceases to be pending when the Appellate Division denies the motion. Hizbullahankhamon v. Walker, 255 F.3d 65, 71-72 (2d Cir. 2001).

Petitioner asserts in his petition that he filed a motion for a writ of error coram nobis on October 24, 2007. (Petition ¶ 11(a)(3).) The Appellate Division denied Petitioner's motion,

3

however, on February 20, 2007–nearly 9 months *before* Petitioner asserts he submitted it. <u>See</u> <u>People v. Dawkins</u>, 37 A.D.3d 732 (2d Dept. 2007); (Petition at ¶ 11(a)(8).) The petition therefore contains an error; the court will assume  that Petitioner filed his motion for state post-conviction relief not on October 24, 2007 but on October 24, 2006, which was 28 days after his conviction became final.

The proper date to use when calculating the end of the statutory tolling period is February 20, 2007, when the Appellate Division denied Petitioner's motion for a writ of coram nobis. <u>See</u> <u>Hizbullahankhamon</u>, 255 F.3d at 71. Petitioner therefore waited 447 days to file the instant petition for a writ of habeas corpus. The instant petition was thus clearly filed after the one-year limitations period had run.

### C.    EQUITABLE TOLLING

This court may equitably toll the limitations period if Petitioner is able to demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time" and that (ii) he "acted with reasonable diligence throughout the period he seeks to toll." <u>Smith</u>, 208 F.3d at 17; <u>see also</u> <u>Valverde v. Stinson</u>, 224 F.3d 129, 133 (2d Cir. 2000) (holding that confiscation of legal papers is sufficient to establish potential basis for equitable tolling); <u>Hizbullahankhamon</u>, 255 F.3d at 75 (2d Cir. 2001) ("In a case where the alleged extraordinary circumstances ceased early in the limitations period, we inquire whether the petitioner diligently pursued his application in the time remaining."). Petitioner has not detailed any extraordinary circumstances or described how he acted with reasonable diligence during the period he seeks to toll. Therefore, on the present record, the court does not find a basis for equitably tolling the statute of limitations period.

## II.   CONCLUSION

Petitioner is hereby directed to show cause by affirmation, within 60 days from the date of this order, why the statute of limitations should not bar the instant petition.[2]  See Day v. McDonough, 547 U.S. 198, 210 (2006) (before acting on its own initiative to dismiss petition as untimely, court must afford the parties fair notice and an opportunity to present their positions). Petitioner's affirmation should include any facts which would support equitable tolling of the limitations period.  Moreover, Petitioner's affirmation must state (i) the date that he filed the motion for a writ of error coram nobis and (ii) the date he filed any other post-conviction motions.

No response shall be required at this time.  All further proceedings shall be stayed for 60 days for Petitioner to comply with this order.  If Petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred.  28 U.S.C. § 2244(d).


SO ORDERED.

Dated: July 7 , 2008
Brooklyn, New York

/S/
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] An affirmation form is attached to this order for Petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
ORAL DAWKINS,

               Petitioner,

         - against -

THE PEOPLE OF THE STATE OF NEW
YORK,

            Respondent.
-----------------------------------------------------------X

**PETITIONER'S AFFIRMATION**

08-CV-2441 (NGG)

STATE OF _____   }
COUNTY OF _____   } SS:

     ORAL DAWKINS makes the following affirmation under the penalties of perjury:

     I am the petitioner in this action and I respectfully submit this affirmation in response to

the court's order dated _____. The instant petition should not be time-barred by the one-

year statute of limitations because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____

Signature

_____

Address

_____

_____

City, State & Zip